

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00127-CV
_____

JAMES EDWARD LEWIS AND
CRAIG COLIN AGNEW, Appellants

V.

NATHANIEL QUARTERMAN, ET AL., Appellees

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 07C1271-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

James Edward Lewis and Craig Colin Agnew jointly appeal from a judgment rendered against them in their civil lawsuit against the Director of the Texas Department of Criminal Justice. In their jointly-filed petition, they set out a variety of unrelated statements. They allege, in sequence,

> INEFFECTIVE COUNSEL AND LIABILITY IN INDIVIDUAL AND OFFICIAL CAPACITY, BREACH OF DUTIES, LEGAL MALPRACTICE, AND ACTING UNDER THE COLOR OF STATE AND FEDERAL LAWS BY DELIBERATE DISCRIMINATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW, INTENTIONALLY AND KNOWINGLY, RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS 18 U.S.C.A. 1962 PROHIBITED ACTIVITIES AND 18 U.S.C.A. 1968 CIVIL INVESTIGATIVE DEMAND.

They go on, invoking the Texas Tort Claims Act, as follows:

> (WHISTLEBLOWER INMATE) AND OFFICERS RETALIATION FOR PENDING LEGAL LITIGATION AGAINST THE BARRY TELFORD UNIT (OWNERS), (WARDENS), AND (KNOWN OR UNKNOWN AGENTS) OR (OFFICERS).

Appellants then continue with eleven unclear paragraphs. We surmise that they complain that the appellees are violating their rights and imposing some type of restraints on them, ranging from something having to do with their continued incarceration, their underlying convictions, the size of their cells, and the methods used to calculate the time of their continued incarceration.

As examples, some of the allegations are quoted below:

> 1) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S PROBATION ELIGIBILITY, SHOCK PROBATION, PAROLE AND MANDATORY SUPERVISION RELEASE AND APPEAL BOND DUE PROCESS.
>
>     . . . .

3) <u>DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S</u> CONSTITUTIONAL CLASSIFICATION PROCESSING PURSUANT TO THE <u>RUIZ</u> (<u>VS</u>) <u>ESTELLE</u> STIPULATIONS AND DECREE ON GOOD TIME CREDITS.

. . . .

5) <u>DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S</u> TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 12.01 STATUE [sic] OF LIMITATIONS, AND INVALID OR DEFECTIVE INDICTMENTS PRESENTED AT TRIAL OR GUILTY PLEA.

. . . .

8) <u>DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S</u> 50 SQUARE FOOT CUBICLES WITH SINGLE BUNK AND 80 SQUARE FEET CELLS

9) <u>DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S</u>
     Medical Liability

The petition continues with twelve pages of quotes taken from various prison policy directives and rules of conduct. The petition concludes with this statement:

THESE RULES OF CODE AND CONDUCT IN THE ABOVE MENTIONED DOCUMENTED VIOLATIONS ARE IN PURSUANT TO TEXAS GOVERNMENT CODES, SECTION 497.007, 500.003, 556.004, 556.007, 614.0234, AND CHAPTERS 571 AMERICAN CORRECTIONAL ASSOCIATION STANDARDS; 3-4010, 3-4061, ALSO PURSUANT TO P.D. 22 OF CODE AND CONDUCT EMPLOYEES ARE REPRESENTATIVES OF THE AGENCY AND ARE EXPECTED TO ADHERE TO THE HIGHEST STANDARD OF CONDUCT.

<u>PRAYER</u>

THE APPELLATE PRAYS CONSTITUTIONAL RELIEF WILL BE GRANTED[.]

3

The trial court's response was to issue an order noting that Lewis and Agnew are inmates, that only Lewis had signed the complaint, and attempting to find a cause of action in the morass. The court concluded, reasonably, that the allegations were of, "in the main, violations of civil rights and state law."

The court concluded that Lewis and Agnew had failed to show that they had exhausted administrative grievance procedures, or provided a list of all previously-filed litigation, that neither had filed suit within thirty days after receiving a final response to his grievance, or provided a properly authenticated copy of his inmate trust account. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004, 14.005 (Vernon 2002). Thus, because the petition contained no evidence that any of the procedural prerequisites had been met, the court dismissed the case without prejudice.

On appeal, Lewis and Agnew have filed separate briefs, which are almost entirely restatements of their petition.[1] Only Lewis' brief contains anything that might be read as arguing that the trial court erred in any regard. Lewis' brief contains language stating that a lawsuit "SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT APPEARS BEYOND DOUBT THAT PRISONERS CAN PROVE NO SET OF FACT[S] IN SUPPORT OF HIS CLAIM."

---

[1]The briefs contain quotations from various rules, from statutes, from the United States Constitution, and are largely repetitious of the petitions below.

We quoted the dispositive language of the order above. It explicitly does not dismiss for failure to state a claim—it dismisses (without prejudice) for failure to meet the procedural requirements of the cited statutes.[2] Error has not been shown.

We affirm the judgment.


Jack Carter
Justice

Date Submitted: February 6, 2008
Date Decided: February 22, 2008

---

[2]If an argument is not raised in the trial court or briefed on appeal—the argument should not be created by the court of appeals. *Garcia v. Robinson*, 817 S.W.2d 59 (Tex. 1991); *Aluminum Chems. (Bolivia), Inc. v. Bechtel Corp*., 28 S.W.3d 64, 68 (Tex. App.—Texarkana 2000, no pet.) ("It is not the proper function of this Court to create arguments for an appellant. We are restricted to addressing the arguments actually raised, not those that might have been raised.").

5